IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROLE NICOLOSI | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  07-1208 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                      OCTOBER 31, 2007

      Before the court for consideration is plaintiff's motion for summary judgment and supporting brief[1] (Doc. No. 5) and the response and reply thereto (Docs. No. 6; 7).  The court makes the following findings and conclusions:

      1.      On September 17, 2004, Carole Nicolosi ("Nicolosi") protectively filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, alleging an onset date of January 1, 2004.[2]  (Tr. 99-101).  Throughout the administrative process, including an administrative hearing held on August 16, 2006 before an administrative law judge ("ALJ"), Nicolosi's claims were denied.  (Tr. 5-7; 9-19; 26; 32-36).  Pursuant to 42 U.S.C. § 405(g), Nicolosi filed her complaint in this court on March 26, 2007.

      2.      In his decision, the ALJ concluded that Nicolosi had severe impairments consisting of depression and anxiety.  (Tr. 14 ¶ 4; 14 Finding 3).[3]  Ultimately, the ALJ concluded that Nicolosi's impairments did not meet or equal a listing, that she had the residual functional capacity ("RFC") to perform work at any exertional level that was limited to simple tasks with no more than minimal contact with the public or co-workers, and that she was not disabled.  (Tr. 15 ¶ 1; 17 ¶ 1; 18 ¶ 3; 15 Findings 4, 5; 18 Finding 11).

      3.      The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence.  Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson

---

[1] The court will construe the motion for summary judgment and attached brief as a brief and statement of issues in support of request for review pursuant to the procedural order. (Doc. No. 3).

[2] Nicolosi filed a previous claim for DIB alleging an onset date of November 1, 2002 that was denied at the administrative level on October 29, 2003.  (Tr. 28-31; 63-66).  There is no evidence in the record that the current application was combined with the one filed on September 17, 2004.  Thus, this court, like the ALJ, will consider the alleged onset date to be January 1, 2004.

[3] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979).  It is more than a mere scintilla but may be less than a preponderance.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).   If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

    4. Nicolosi raises numerous arguments in which she alleges that the determinations by the ALJ were either not supported by substantial evidence or were legally erroneous.  These arguments are addressed below.  However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

    A. Nicolosi alleges that the ALJ failed to indicate which of her statements were not credible, and, as a result, it must be believed that Nicolosi was unable to leave her house and therefore incapable of working.  "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence."  Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)).  Moreover, such determinations are entitled to deference.  S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003).  The ALJ must decide to what extent the symptoms actually limit the claimant's ability to work.  See Id.  Pursuant to the regulations, the ALJ uses a two pronged analysis to make a credibility determination.  See 20 C.F.R. §§ 404.1529; 416.929.  The ALJ must first determine if there is an underlying medically determinable impairment that could reasonably be expected to produce the alleged symptoms.  See 20 C.F.R. §§ 404.1529(c)(1); 416.929(c)(1).  If the ALJ finds that such an underlying condition exists, the ALJ must then decide to what extent the symptoms actually limit the claimant's ability to work.  See Id.

    The ALJ determined that Nicolosi's medically determinable impairments could reasonably be expected to produce the alleged symptoms, however, the ALJ found that Nicolosi's statements regarding the intensity, duration, and limiting effects of her symptoms were not entirely credible. (Tr. 15 ¶ 5).  In making his credibility determination, the ALJ noted an assessed GAF score of 65 upon discharge from the hospital, Nicolosi's ability to run a business until November of 2005,[4] the mild to moderate limitations caused by her impairments, and the lack of medical records demonstrating work-preclusive limitations.[5]  (Tr. 16 ¶¶ 2-4; 230; 232-36; 239-56; 359).  As the ALJ observed, the treatment notes from the mental health center reflect that although Nicolosi reported she was unable to do anything one weekend and had to stay in bed, she actually visited her mother and watched movies with one of her daughters. (Tr. 16 ¶ 1; 312).  Thus, it is clear the ALJ rejected Nicolosi's contention that she was unable to leave the house.  Additionally, as noted by the ALJ, Nicolosi admitted that her only psychiatric hospitalization during the relevant time period was as a result of her worsening benzodiazephine dependence, however, she denied any substance abuse problems less than two weeks

---

[4]As observed by the ALJ, Nicolosi's reported income in 2004 of $9,605.00 was almost at the substantial gainful activity level.  (Tr. 14 Finding 2; 70).

[5]Nicolosi argues that because there is no evidence in the record contradicting the diagnoses of depression and anxiety, she is prevented from working.  However, although the ALJ found Nicolosi's depression and anxiety to be severe, she noted that the records do not reflect work-preclusive limitations.  (Tr. 14 ¶ 6; 16 ¶¶ 3-4).

later.[6] (Tr. 15 ¶ 6; 16 ¶ 2; 230; 234). The records from the mental health center also reveal that Nicolosi was "resistant" to accepting that she had "a degree of control over her symptoms" and "unwilling" to change her behavior. (Tr. 16 ¶ 1; 303; 307; 309). In light of the above, I find that the ALJ's credibility determination is clear regarding the allegations that were rejected and was thus supported by substantial evidence.

        B.    Nicolosi contends that her impairments meet the requirements of listing 12.04, including all four subparts of (B). On December 3, 2004, a consulting physician determined that Nicolosi did not meet the requirements for listing 12.04 and found that she had no restrictions in activities of daily living, no episodes of decompensation, mild restrictions in social functioning, and moderate limitations in concentration, persistence, or pace. (Tr. 239-55). The consultative examiner determined Nicolosi's memory, verbalized test judgment, and reliability were grossly intact and observed that Nicolosi went food shopping with her daughter, could cook a wide range of food, ran a housecleaning business, cleaned her own house, maintained a residence, had adequate personal care, avoided neighbors, got along adequately with co-workers, read adequately, and gathered information watching TV. (Tr. 223-36). As for episodes of decompensation, Nicolosi underwent psychiatric hospitalization in March of 2003 for six nights and in October of 2004 for a week. (Tr. 183; 230-31). Nicolosi contends these two hospitalizations count as repeated episodes of decompensation. However, 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(C)(4) provides that the repeated episodes of decompensation means "three episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks." Clearly Nicolosi's hospitalizations were less frequent and for a shorter duration. The ALJ determined that Nicolosi had mild restrictions in her activities of daily living, moderate difficulties in maintaining social functioning and maintaining concentration, persistence, or pace, and had suffered one episode of decompensation.[7] (Tr. 15 ¶ 1). Thus, the ALJ's determination that Nicolosi's impairments did not meet or equal listing 12.04 was supported by substantial evidence.

        C.    Nicolosi asserts that the ALJ erred in failing to include in the hypothetical Nicolosi's diagnoses of bipolar syndrome, major depression, anxiety, and her allegations that she isolated herself and did not leave her house. "A hypothetical question must reflect all of a claimant's impairments that are supported by the record; otherwise the question is deficient and the expert's answer to it cannot be considered substantial evidence." Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). As discussed *supra*, the ALJ's decision to reject Nicolosi's allegations of isolation and inability to leave her house was supported by substantial evidence. However, the ALJ was responsive to Nicolosi's distaste for being around people by specifically stating he included limited contact with the public and co-workers in the hypothetical for that reason. (Tr. 15 Finding 5; 17 ¶ 1). As for including in the hypothetical a limitation of simple jobs which do not involve detailed instructions, the ALJ was more limiting than the consultative examiner, who found Nicolosi's impairments had no effect on her ability to understand, remember, and carry out detailed instructions. (Tr. Id; 237). I conclude that the

---

[6] Nicolosi argues that benzodiazepine dependence does not constitute substance abuse because she was dependent on a legally prescribed drug. However, in determining whether or not a person is disabled despite her drug or alcohol abuse, the Social Security Administration does not distinguish between those substances that are illegal and those that are not. See 42 U.S.C. § 423(d)(2)(C). Thus, abuse of a legally prescribed drug is considered substance abuse for disability determinations.

[7] The court notes the ALJ found one episode of decompensation because there was only one psychiatric hospitalization during the relevant time period.

hypothetical posed to the VE by the ALJ included the limitations resulting from Nicolosi's impairments that were supported by the record.[8]

   D. Finally, Nicolosi argues that the ALJ erred in failing to attach a Psychiatric Review Technique Form.  As of September 20, 2000, an ALJ is no longer required to attach a Psychiatric Review Technique Form, since the ALJ's decision must include the relevant findings and conclusions.  65 Fed. Reg. 50746, 50756-58; see also 20 C.F.R. §§ 404.1520a, 416.920a; Izzo v. Comm'r of Soc. Sec., 186 Fed. Appx. 280, 286 (3d Cir. 2006).  Thus, the ALJ's failure to attach a Psychiatric Review technique Form is not a basis for remand.

   5. As a result of the above, Nicolosi's claims fail and judgment will be entered in favor of defendant.

   An appropriate Order follows.

---

[8] Nicolosi asserts that she cannot perform work at any exertional level with no more than minimal contact with the public or co-workers.  As addressed *supra*, the ALJ included the limitations that were supported by the record in the RFC and the hypothetical posed to the VE.  As a result, the VE's response is supported by substantial evidence and the ALJ did not err in relying on it.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROLE NICOLOSI | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-1208 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

## ORDER

AND NOW, this 31st day of October, 2007, upon consideration of the brief in support of review filed by plaintiff and the response and reply thereto (Doc. Nos. 5, 6, and 7) and having found after careful and independent consideration that the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** and the relief sought by Plaintiff is **DENIED**; and

2. The Clerk of Court is hereby directed to mark this case closed.

S/Lowell A. Reed, Jr.
LOWELL A. REED, JR., Sr. J.